UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| TONETTE L. SINGLETON, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:09-cv-933 |
| | ) | |
| v. | ) | Honorable Robert Holmes Bell |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This is a social security action brought under 42 U.S.C. § 1383(c)(3) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for supplemental security income (SSI) benefits. On February 2, 2010, defendant filed a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure for dismissal of plaintiff's complaint because it is barred by the statute of limitations. (docket # 7). The Commissioner supported the motion with evidence, including the declaration of Earnest Baskerville of the Social Security Administration. On February 12, 2010, plaintiff filed a three-page brief in response to defendant's motion (docket # 9), but did not support it with affidavits or other evidence. Upon review, I recommend that defendant's motion for summary judgment be granted and that a separate judgment be entered in defendant's favor.

## **Applicable Standards**

Summary judgment is appropriate when the record reveals that there are no genuine issues as to any material fact in dispute and the moving party is entitled to judgment as a matter of law. FED. R. CIV. P. 56(c); *Synbrandt v. Home Depot U.S.A., Inc.*, 560 F.3d 553, 557 (6th Cir. 2009). The standard for determining whether summary judgment is appropriate is "whether 'the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.'" *Moses v. Providence Hosp. Med. Centers, Inc.*, 561 F.3d 573, 578 (6th Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)); *see Cady v. Arenac County*, 574 F.3d 334, 339 (6th Cir. 2009). The court must consider all pleadings, depositions, affidavits, and admissions on file, and draw all justifiable inferences in favor of the party opposing the motion. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Smith v. Williams-Ash*, 520 F.3d 596, 599 (6th Cir. 2008).

When the party without the burden of proof seeks summary judgment, that party bears the initial burden of pointing out to the district court an absence of evidence to support the nonmoving party's case, but need not support its motion with affidavits or other materials "negating" the opponent's claim. *See Morris v. Oldham County Fiscal Court*, 201 F.3d 784, 787 (6th Cir. 2000); *see also Minadeo v. ICI Paints*, 398 F.3d 751, 761 (6th Cir. 2005). Once the movant shows that "there is an absence of evidence to support the nonmoving party's case," the nonmoving party has the burden of coming forward with evidence raising a triable issue of fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To sustain this burden, the nonmoving party may not rest on the mere allegations of her pleadings. FED. R. CIV. P. 56(e); *see Everson v. Leis*, 556 F.3d 484, 496 (6th Cir. 2009). The motion for summary judgment forces the nonmoving party to present evidence

sufficient to create a genuine issue of fact for trial. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1478 (6th Cir. 1990). "A mere scintilla of evidence is insufficient; 'there must be evidence on which a jury could reasonably find for the [non-movant].'" *Dominguez v. Correctional Med. Servs.*, 555 F.3d 543, 549 (6th Cir. 2009) (quoting *Anderson*, 477 U.S. at 252); *see Reed v. International Union, United Aerospace & Agric. Implement Workers of Am.*, 569 F.3d 576, 579 (6th Cir. 2009).

Where, however, a moving party with the burden of proof seeks summary judgment, he faces a "substantially higher hurdle." *Arnett v. Myers*, 281 F.3d 552, 561 (6th Cir. 2002); *Cockrel v. Shelby County Sch. Dist.*, 270 F.3d 1036, 1056 (6th Cir. 2001). As shown above, the moving party without the burden of proof needs only show that the opponent cannot sustain his burden at trial. "But where the moving party has the burden -- the plaintiff on a claim for relief or the defendant on an affirmative defense -- his showing must be sufficient for the court to hold that no reasonable trier of fact could find other than for the moving party." *Calderone v. United States*, 799 F.2d 254, 259 (6th Cir. 1986) (quoting W. SCHWARZER, *Summary Judgment Under the Federal Rules: Defining Genuine Issues of Material Fact*, 99 F.R.D. 465, 487-88 (1984)). The United States Court of Appeals for the Sixth Circuit has repeatedly emphasized that the party with the burden of proof faces "a substantially higher hurdle" and "'must show that the record contains evidence satisfying the burden of persuasion and that the evidence is so powerful that no reasonable jury would be free to disbelieve it.'" *Arnett*, 281 F.3d at 561 (quoting 11 JAMES WILLIAM MOORE, ET AL., MOORE'S FEDERAL PRACTICE § 56.13[1], at 56-138 (3d ed. 2000))*; Cockrel*, 270 F.2d at 1056 (same). Accordingly, a summary judgment in favor of the party with the burden of persuasion "is inappropriate when the evidence is susceptible of different interpretations or inferences by the trier of fact." *Hunt v. Cromartie*, 526 U.S. 541, 553 (1999). This higher standard applies to defendant's

motion for summary judgment because the time limit within which to file a civil complaint is considered an affirmative defense. *See Bowen v. New York*, 476 U.S. 467, 478 (1986).

**Proposed Findings of Fact**

The following facts are beyond genuine issue. Plaintiff filed her application for SSI benefits on June 28, 2005. Her claim was denied on initial review. On January 22, 2008, plaintiff received a hearing before an administrative law judge (ALJ). On June 27, 2008, the ALJ issued a decision denying plaintiff's application for DIB benefits. (docket # 8, Ex. # 1).[1] Plaintiff, through her representative Danelly Smith, sought review of the ALJ's decision by the Appeals Council. (Ex. # 2 at 4). On May 22, 2009, the Appeals Council mailed plaintiff a notice of its denial of plaintiff's request for review of the ALJ's decision. (*Id.* at 1). The notice advised plaintiff that she had sixty days within which to file a civil action. (*Id.* at 2). Absent an extension, plaintiff would have been required to file her complaint on or before July 27, 2009.

On July 21, 2009, plaintiff's representative requested an extension of time in which to file a civil action. (Ex. # 3). On July 23, 2009, the Appeals Council granted the following extension:

> The Appeals Council now extends the time within which you may file a civil action (ask for court review) for 30 days from the date you receive this letter. We assume that you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

(Ex. # 4). Plaintiff did not submit evidence regarding the date she actually received the Appeals Council's notice. Accordingly, her new deadline for filing her complaint was August 27, 2009.

---

[1] All the exhibits cited are authenticated and are attached to the Commissioner's brief. (docket # 8).

On September 9, 2009, plaintiff's attorney filed a motion requesting a second extension of time in which to file a civil action. (Ex. # 5). The Appeals Council denied this request. (Ex. # 6). Plaintiff filed her complaint on October 9, 2009.

**Discussion**

Section 205(g) of the Social Security Act creates a right to district court review of final decisions of the Commissioner by a civil action "commenced within sixty days after the mailing to [the plaintiff] of notice of such decision or within such further time as the Commissioner may allow." 42 U.S.C. § 405(g). "Although § 405(g) uses the word 'mailing,' the regulations clarify that the 60-day period begins five days after the date of the denial notice." *Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007) (citing 20 C.F.R. § 422.210(c)). The Sixth Circuit recognizes that "the date for filing a Social Security complaint runs from the date that the applicant receives the SSA's denial notice, not from the date of mailing." *Cook*, 480 F.3d at 436. Plaintiff's date of receipt of the notice is presumed to be five days after mailing. *Id.*; *see* 20 C.F.R. § 422.210(c). On July 23, 2009, the Appeals Council granted plaintiff an extension of time within which to file a civil action for "30 days from the date [she] receive[d]" the Appeals Council's letter. The letter expressly advised plaintiff that she was presumed to have received the letter five days after July 23, 2009. (docket # 8, Ex. 4). Thus, plaintiff is presumed to have received the Appeals Council's letter on July 28, 2009. Plaintiff did not file any evidence rebutting the presumption that she received the Appeals Council's notice on July 28, 2009. Therefore, plaintiff was required to file this lawsuit no later than August 27, 2009. She did not file her complaint until October 9, 2009.

Plaintiff's argument that her copy of the Appeals Council's July 23, 2009 notice of the extension "may have gotten lost in the mail" and that her attorney and administrative representative did not receive the notice does nothing to advance her claim. (Plf. Brief at 1). The argument is not supported by evidence. "Arguments in the parties' briefs are not evidence." *Duha v. Agrium, Inc.*, 448 F.3d 867, 879 (6th Cir. 2006); *see Al-Rawahneh v. I.N.S.*, 38 F. App'x 271, 274 n.2 (6th Cir. 2002). "[A]n attorney's unsworn statements in a brief are not evidence." *Puglisi v. United States*, 586 F.3d 209, 217 (2d Cir. 2009). Even less can the court act on the basis of speculation concerning what might have happened. Further, absent receipt of the notice of an extension, the only appropriate assumption on plaintiff's part would have been that the original July 27, 2009 deadline remained in effect.

Plaintiff argues that the Appeals Council abused its discretion in denying her attorney's request for a second extension:

> [The] Social Security[] [Administration's] own regulations indicate that good cause will be granted [sic] when an appeal is not timely filed where you did not receive the Social Security Administration's notice. 20 C.F.R. § 404.911(b). Counsel submits that it was an abuse of discretion that the Appeals Council did not [find] good cause herein and deem the Complaint timely filed,[2] particularly where Plaintiff suffers from severe mental impairments. Indeed, SSR 91-5p states that a claimant's mental condition will be considered when determining good cause, which was not done herein, and, furthermore, that "whether the claimant was represented by a non-attorney" will be a substantial factor. Here, Plaintiff's administrative representative was a non-attorney and needed additional time to find an attorney representative for Plaintiff for court. Overall, contrary to Defendant's contentions, there are circumstances that justify extending the time limit through the date of filing.

Plaintiff's attack on the decision of the Appeals Council is not cognizable. The Appeals Council's decision denying a request for an extension is not subject to judicial review. *See Harveston v.*

---

[2]Administrative agencies do not determine when a complaint has been timely filed in federal court. This aspect of plaintiff's argument warrants no further discussion.

*Commissioner*, No. 99-5832, 2000 WL 554087, at * 2 (6th Cir. Apr. 28, 2000) ("A decision by the Appeals Council not to extend the appeal period of § 405(g) is not subject to judicial review."); *see also Boock v. Shalala*, 48 F.3d 348, 351 (8th Cir. 1995) (collecting cases).

Plaintiff's reliance on SSR 91-5p is misplaced. SSR 91-5p relates to the Appeals Council's "good cause" determination, which is not subject to judicial review. Further, SSR 91-5p does not apply because plaintiff was represented by a person legally responsible for prosecuting her claim:

> When a claimant presents evidence that mental incapacity prevented him or her from timely requesting review of an adverse determination, decision, dismissal, or review by a Federal district court,[3] *and the claimant had no one legally responsible for prosecuting the claim (e.g. parent of a claimant who is a minor, legal guardian, attorney, or other legal representative*) at the time of the prior administrative action, SSA will determine whether or not good cause exists for extending the time to request review. If the claimant satisfies the substantive criteria, the time limits in the reopening regulations do not apply; so that, regardless of how much time has passed since the prior administrative action, the claimant can establish good cause for extending the deadline to request review of that action.
>
> The claimant will have established mental incapacity for the purpose of establishing good cause when the evidence establishes that he or she lacked the mental capacity to understand the procedures for requesting review.

*See Titles II and XVI: Mental Incapacity and Good Cause for Missing the Deadline to Request Review*, SSR 91-5p (reprinted at 1991 WL 208067, at * 2 (SSA July 1, 1991)) (emphasis added); *accord*, *Anderson v. Commissioner*, 195 F. App'x 366, 369-70 (6th Cir. 2006). Plaintiff's representative requested and received an extension of time for filing this lawsuit. (Exhibit #s 3, 4).

I find no basis for equitable tolling. Plaintiff's brief is devoid of argument and evidence supporting a claim of entitlement to equitable tolling. It was plaintiff's burden to submit

---

[3] The letters requesting extensions from the Appeals Council (Exhibit #s 3, 5) were not accompanied by evidence that plaintiff's mental incapacity prevented her from timely requesting review.

evidence demonstrating "exceptional circumstances warranting equitable tolling." *Kellum v. Commissioner*, 295 F. App'x 47, 49 (6th Cir. 2008). "Equitable tolling generally applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 50 (quoting *Graham-Humphries v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000)).

The Sixth Circuit recently held in *Kellum v. Commissioner* that a claimant for social security benefits was not entitled to equitable tolling based on his attorney's failure to file a timely complaint. The claimant is bound by the acts and omissions of his chosen legal representative. 295 F. App'x at 50; *see Link v. Wabash R. R. Co.*, 370 U.S. 626, 633-34 (1962); *see Schreiber v. Moe*, 320 F. App'x 312, 321 n.6 (6th Cir. 2008). Counsel's errors may provide plaintiff with a basis for a malpractice action, but they do not provide a basis for equitable tolling. Plaintiff bears the responsibility for having waited too long to file her complaint. "[T]his case will serve as yet another 'classic reminder of the risks that applicants take for no apparent reason by waiting until the very end of a filing period to initiate their lawsuits.'" *Kellum*, 295 F. App'x at 50 (quoting *Cook v. Commissioner*, 480 F.3d at 437). Plaintiff has not established grounds for equitable tolling of the statute of limitations.

**Recommended Disposition**

For the reasons set forth herein, I recommend that defendant's motion for summary judgment (docket # 7) be granted, and that a separate judgment be entered in favor of the defendant.

Dated:  March 24, 2010         /s/  Joseph G. Scoville
                               United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).