UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TONETTE L. SINGLETON,

        Plaintiff,

File No. 1:09-CV-933

v.

HON. ROBERT HOLMES BELL

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.
                                   /

**MEMORANDUM OPINION AND ORDER ADOPTING
MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

This action comes before the Court on Plaintiff Tonette Singleton's objections to the Magistrate Judge's March 24, 2010, Report and Recommendation ("R&R") recommending that the Commissioner of Social Security's motion for summary dismissal of plaintiff's complaint on statute of limitations grounds be granted and that the Commissioner's final decision denying Plaintiff's claim for supplemental security income ("SSI") benefits be affirmed. (Dkt. No. 10, R&R; Dkt. No. 11, Objs.).

This Court is required to make a *de novo* review upon the record of those portions of the R&R to which objection has been made. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). "[A] general objection to a magistrate's report, which fails to specify the issues of contention, does not satisfy the requirement that an objection be filed. The objections must be clear enough to enable the district court to discern those issues that are dispositive and

contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 508-09 (6th Cir. 1991)).

Plaintiff objects to the R&R's representation that Plaintiff's argument regarding non-receipt of the July 23, 2009, notice of extension "is not supported by evidence." (R&R 6.) Plaintiff objects to this statement because her response to Defendant's motion for summary judgment referenced Defendant's exhibit 3 as proof that the notice of extension was not sent to Plaintiff's administrative representative who requested the extension, and Defendant's exhibit 5 as proof that she was not represented by legal counsel when the July 23 notice was issued. (Dkt. No. 9, Pl.'s Resp. 1.)

Although Plaintiff has pointed to evidence in the record which creates a dispute of fact as to whether her administrative representative or legal counsel received notice, she has not come forward with any evidence to rebut Defendant's evidence that Plaintiff herself received notice.

The Social Security Act provides that "[a]ny individual, after any final decision of the Commissioner of Social Security . . . may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The individual referenced by the statute is the claimant or applicant for Social Security benefits. 20 C.F.R. § 422.210(b). *See also Cook v. Commissioner*, 480 F.3d 432, 436 (6th Cir. 2007) (holding that the 60-day period for filing a complaint in the district court runs from the date that the "applicant" receives notice). An applicant is presumed to have

received the notice five days after the notice was mailed. 20 C.F.R. § 422.210(c) ("[T]he date of receipt of notice of denial of request for review of the administrative law judge's decision or notice of the decision by the Appeals Council shall be presumed to be 5 days after the date of such notice, unless there is a reasonable showing to the contrary."); *Cook*, 480 F.3d at 436. The presumption of delivery is rebuttable. *McKentry v. Sec'y of Health and Human Servs.*, 655 F.2d 721, 724 (6th Cir. 1981) (finding that the presumption of delivery by mail was overcome where there was no evidence that the notice was mailed to the claimant or to her attorney, and the claimant introduced evidence of non-receipt of the notice).

Defendant presented evidence in his summary judgment motion that the Appeals Council sent Plaintiff notice on July 23, 2009, that the time for filing her civil action was extended by 30 days from the date she received the letter. (Dkt. No. 8, Ex. 5.) Plaintiff has not introduced any evidence to rebut the presumption that she received notice of the extension. Instead, Plaintiff relies on existence of evidence in the record to show that her administrative representative did not receive notice of the extension. Plaintiff contends that the Appeals Council should have mailed a copy of the notice of extension to her administrative representative because her administrative representative requested the extension on her behalf. *See* HALLEX I-3-8-21 ("branch support staff will mail copies of the decision with covering notice to the claimant and representative"). Even if the Appeals Council should have sent notice of the extension to the administrative representative, the statute and regulations clearly require notice to the claimant, and Plaintiff has offered no authority to suggest that the non-receipt of notice by the administrative representative

nullifies the notice received by the claimant. Plaintiff has referenced evidence in the record of her mental impairments, but she has not shown that those mental impairments nullified the legal effect of her receipt of notice.

The R&R correctly determined that Defendant is entitled to summary judgment on the basis that Plaintiff's complaint is barred by the statute of limitations. Accordingly,

**IT IS HEREBY ORDERED** that the March 24, 2010, R&R (Dkt. No. 10) is **APPROVED** and **ADOPTED** as the opinion of the Court.

**IT IS FURTHER ORDERED** that the final decision of the Commissioner of Social Security denying Plaintiff's claim for supplemental security income benefits is **AFFIRMED**.


Dated: September 20, 2010 /s/ Robert Holmes Bell
ROBERT HOLMES BELL
UNITED STATES DISTRICT JUDGE